| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| LAW OFFICES OF DAVID S. HAGEN<br>DAVID S. HAGEN - SBN 110588<br>16830 Ventura Blvd., Suite 500<br>Encino, California 91436-1795<br>(818) 990-4416<br>Fax: (818) 990-5680<br><br>☐ Individual appearing without counsel<br>☒ Attorney for: Candice Rasche, Co-Trustee of Eucalyptus Trust | FILED<br><br>NOV 14 2005 |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: LYONA DAVIS | CHAPTER: 7 |
|---|---|
| | CASE NO.: LA 05-31776-ER |
| | DATE: 12/12/05<br>TIME: 1:30 pm<br>CTRM: 1568<br>FLOOR: 15TH |
| Debtor(s). | |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(I) (with supporting declarations)
### (MOVANT: CANDICE RASCHE, TRUSTEE OF EUCALPTUS TR. )
### (Unlawful Detainer)

1. NOTICE IS HEREBY GIVEN to the Debtor(s), Debtor's(s') attorney, and other interested parties ("Responding Party") that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay or for an order confirming that the automatic stay does not apply as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

   ☐ NOTICE IS ALSO GIVEN to the Trustee as an additional Responding Party, because the Motion relates to a nonresidential property.

2. **Hearing Location:** ☐ **255 East Temple Street, Los Angeles**     ☐ **411 West Fourth Street, Santa Ana**
   ☒ **21041 Burbank Boulevard, Woodland Hills**     ☐ **1415 State Street, Santa Barbara**
   ☐ **3420 Twelfth Street, Riverside**

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of the Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

       ☐ at the hearing    ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*         **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 2 of* 14    **F 4001-1M.UD**

| In re<br>LYONA DAVIS | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: LA 05-31776-ER |

4.   You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

5.   If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 11/10/05

LAW OFFICES OF DAVID S. HAGEN
*Print Law Firm Name (if applicable)*

DAVID S. HAGEN
*Print Name of Individual Movant or Attorney for Movant*

*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*    **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 3 of 11*          **F 4001-1M.UD**

| In re<br>LYONA DAVIS | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: LA 05-31776-ER |

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
## (Unlawful Detainer)
### (MOVANT: CANDICE RASCHE, TRUSTEE OF EUCALPTUS TR.          )

1. **The Property at Issue:** Movant moves for relief from the automatic stay to obtain possession of the residential or nonresidential premises at the following address (the "Property"):

    *Street Address:* 2151 Eucalyptus Ave.
    *Apartment/Suite No.:*
    *City, State, Zip Code:* Long Beach, CA 90806

    **The Property is:**   ☒ Residential          ☐ Nonresidential

2. **Case History:**

    a.  ☒ A voluntary  ☐ An involuntary  petition under Chapter  ☒ 7  ☐ 11  ☐ 12  ☐ 13
        was filed on *(specify date):* 9/16/05

    b.  ☐ An Order of Conversion to Chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
        was entered on *(specify date):*

    c.  ☐ Plan was confirmed on *(specify date):*

    d.  ☐ Other bankruptcy cases of the Debtor were pending within the year ending on the petition date. See attached Declaration.

    e.  ☐ Other bankruptcy cases affecting this Property have been pending within the two years ending on the petition date. See attached Declaration.

3. **Grounds for Relief from Stay:** *(Check all that apply)*

    a.  ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of petition date, Debtor(s) had no right to continued occupancy of the premises, as follows:

        (1)  ☒ An unlawful detainer judgment in favor of Movant was entered prepetition.

            A.  ☐ The debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

            B.  ☐ The debtor or adult dependent of debtor has not deposited with the Clerk any rent that would become due during the 30-day period after the filing of the petition.

            C.  ☐ The debtor or adult dependent of debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

            D.  ☐ The Movant has filed and served an objection to the certification referenced in (a)(1)(A) and/or (a)(1)(C) above. A copy of the objection is attached hereto as Exhibit _____. A hearing on this objection is set for: _____.

        (2)  ☐ An unlawful detainer proceeding was commenced prepetition.

        (3)  ☒ Movant acquired title to the premises by foreclosure sale prepetition and recorded the deed within the period provided by state law for perfection.

        (4)  ☐ Movant acquired title to the premises by foreclosure sale postpetition and recorded the deed within the period provided by state law for perfection.

        (5)  ☐ The lease or other right of occupancy expired by its terms prepetition.

        (6)  ☐ The lease has been rejected or deemed rejected by operation of law.

        (7)  ☐ Lease payments have not been made since the filing of the petition.

Motion for Relief from Stay (Unlawful Detainer) - *Page 4 of 21*      **F 4001-1M.UD**

| In re<br>LYONA DAVIS | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: LA 05-31776-ER |

(8) ☐ An eviction action has been filed to obtain possession of the subject residential property on grounds of endangerment of the property **or** because of illegal use of controlled substances on the property and Movant has filed and served upon Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification Debtor has endangered the subject property or illegally allowed the use of controlled substances on the property. A copy of Movant's certification is attached as Exhibit _____. Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for: _____.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

(1) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

(2) ☐ Other bankruptcy cases have been filed asserting an interest in the same property.

(3) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

**4. Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

☐ Movant submits the attached Unlawful Detainer Declaration to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

☒ Other Declaration(s) are also attached in support of this Motion.

**WHEREFORE, Movant prays that this Court issue an Order granting the following *(specify forms of relief requested)*:**

1. ☒ Termination of the stay to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the Property.

2. ☒ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as set forth in the attached Declaration(s).

3. ☐ An order confirming that the automatic stay does not apply.

4. ☐ Alternatively, if immediate relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable:

a. Establishment of a deadline for assumption or rejection of the **lease.**

b. Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                      **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 5 of 24*          **F 4001-1M.UD**

| In re                                (SHORT TITLE) | CHAPTER: | 7 |
| LYONA DAVIS | | |
| Debtor(s). | CASE NO.: | LA 05-31776-ER |

5.   Additional provisions requested:

   a.   ☐   That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

   b.   ☐   Termination or modification of the Co-debtor Stay of 11 U.S.C. § 1201 or § 1301 as to the above-named co-debtor. on the same terms and conditions.

   c.   ☐   That the 10-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

   d.   ☐   That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

   e.   ☒   For other relief requested, see attached continuation page.

Dated:  11/10/05                                    Respectfully submitted,

                                                   CANDICE RASCHE
                                                   *Movant Name*

                                                   LAW OFFICES OF DAVID S. HAGEN
                                                   *Firm Name of Attorney for Movant (if applicable)*

                                                   By: _____
                                                   *Signature*

                                                   Name:  DAVID S. HAGEN
                                                   *Typed Name of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                    **F 4001-1M.UD**

## SUPPLEMENTAL RELIEF ATTACHMENT

In addition to seeking relief from stay to continue actions to evict the debtor from the premises, Movant also seeks relief to:

1.  Relief to defend the Debtor's Complaint to Set Aside Foreclosure Sale (LASC NC 037053) through appeal, but not to pursue any money judgment against the Debtor without further order of this Court;

2.  To strike the Debtor's Lis Pendens as it pertains to the property;

**DECLARATION OF CANDICE RASCHE**

I, CANDICE RASCHE, hereby declare and state as follows:

1. I am a co-trustee of The Eucalyptus Trust, the current owner of the residential real property commonly known as 2151 Eucalyptus Avenue, Long Beach, California. I have personal knowledge of the facts stated herein.

2. I am a trustee of the Eucalyptus Trust. The Trust acquired the property at a duly noted and scheduled foreclosure sale by Westar Financial Group's trustee pursuant to a note secured by a deed of trust recorded on October 21, 2004 as instrument number 04-2713353 by bidding and paying $58,133.66 cash on May 23, 2005. The Trust then acquired title to the property when the trustee under Westar's deed of trust executed a Trustee's Deed which was recorded with the Los Angeles County Recorder as instrument 05-1201880 on May 23, 2005. A copy of the Trustee's Deed is attached hereto as Exhibit 1.

3. Thereafter, I, on behalf of the Trust, filed an unlawful detainer action in Los Angeles Superior Court entitled <u>Rasche v. Davis, et al</u>, in Long Beach Judicial District as Case No. 05U01660. Ms. Davis, the tenant, resisted the motion and raised the issue of the legitimacy of title. After trial, on July 21, 2005 the Superior Court issued its Writ of Possession of Real Property, a copy of which is attached hereto as Exhibit 2.

4. Thereafter, on August 18, 2005, in a follow up proceeding in the Los Angeles Superior Court, Long Beach Division, the Court, at the request of the Debtor, Davis, made oral findings, which included findings that the Debtor's testimony was not credible, and, more importantly, that The Eucalyptus Trust was a bona fide purchaser for

*7*

1  value.   A copy of the transcript of that hearing is attached hereto
2  as Exhibit 3.

3      5.   On September 20, 2005, without knowledge of the commencement
4  of the bankruptcy proceeding, the Sheriff dispossessed Ms. Davis from
5  the property.   However, her furniture, clothing and other personal
6  property remain in the premises.   Relief is sought herein to allow
7  Movant to return the personal property or otherwise dispose of it in
8  accordance with California law and for annulment of the stay with
9  respect to the disposition of the debtor from the property.

10     6.   In the meantime, on June 1, 2005 the Debtor filed a complaint
11 in Los Angeles Superior Court (LASC NC 037053) to aside the
12 foreclosure sale and filed a lis pendens against the property which
13 has had the effect of clouding title and preventing the subsequent
14 marketing of the property.   Since the Court has already ruled that the
15 Eucalyptus Trust is a bona fide purchaser, the Debtor's complaint has
16 no merit.   Further, in this bankruptcy proceeding, the debtor has not
17 listed the lawsuit to set aside the sale as an asset on Schedule B nor
18 has claimed an exemption in the lawsuit on Schedule C.   Thus, whatever
19 rights the debtor might have had inure solely to the chapter 7
20 trustee, not the Debtor.

21     7.   Ms. Davis has not offered nor has she made any payments for
22 the fair rental value of the property since the commencement of the
23 case on September 16, 2005.

24     I declare under penalty of perjury that the foregoing statements
25 are true and correct, and I could, if called upon, competently testify
26 ///
27 ///
28                                     8

1   ///

2   ///

3   thereto.

4        DATED: November 10, 2005

5

6                                      *Candice Rasche*
                                       _____
7                                      CANDICE RASCHE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          9

Exhibit 1

05/31/2005 12:54 FAX 562 43          FIDELITY NATIONAL TITLE                            ☒010/012

△ **This page is part of your document - DO NOT DISCARD** △

## 05 1201880

> RECORDED/FILED IN OFFICIAL RECORDS
> RECORDER'S OFFICE
> LOS ANGELES COUNTY
> CALIFORNIA
>
> 2:21 PM MAY 23 2005

TITLE(S):                    **DEED**

△                                                △

L E A D    S H E E T

| FEE | | D.T.T |
|---|---|---|
| FEE $10   V | | 64.35 |
| 2 | | |

CODE
20

CODE
19

CODE
9

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.          **Number of Parcels Shown**

7 2 0 5 - 0 2 5 - 0 1 9              0 0 1

△          **THIS FORM NOT TO BE DUPLICATED**          △

MAURICE 595-*7819 prop: Lot 6 of - LA:2005 01201880                        1 of

10

Name: The Eucalyptus Trust
C/O Title Trust Services
Address: 14540 Victory Blvd. # 212

City: Van Nuys, California 91411

Mail Tax Statement to:
Same as above

Title Order: 03990669
T S #: 25-1079

05 1201880

*Customer Service
at Fidelity National
Title
did not see a
Recorded
Notice of Trustee
Sale

ORDERS USE

## TRUSTEE'S

APN No. 7205-025-019

The grantee was not the Foreclosing Beneficia
The amount of the unpaid debt together with c
The amount paid by the grantee at the Trustee
The Documentary Transfer Tax is.................................................................................................$64.35
Property is in the County of Los Angeles, California

33.66
...., .33.66

(43)

and Title Trust Services (herein called "Trustee"), as the duly appointed Trustee under the Deed of Trust
herein after described, does hereby grant and convey, but without warranty, express or implied to:

Candice Rasche, Co-Trustee of The Eucalyptus Trust

(herein called" Grantee"), all of its right, title and interest in and to that certain property situated in the
County of Los Angeles, State of California, described as follows:

Legal Description

Lot 6 in Block 1 of Tract No. 10243, in the City of Long Beach, County of Los Angeles, State of
California, as per Map recorded in Book 145, Pages 3 and 4 of Maps, in the office of the County
Recorder of said county.

Common address: 2151 Eucalyptus Avenue
Long Beach, California 90806

AP # 7205-025-019

Recitals:

This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust
dated October 15, 2004 and executed by Lyona McPherson Davis, an Unmarried Woman as Trustor,
and recorded October 21, 2004 as instrument # 04-2713353 in Book N/A, page N/A of official Records of
Los Angeles County, California and after fulfillment of the conditions specified in said Deed of Trust
authorizing this conveyance.

MAURICE 595-*7819 prop: Lot 6 of - LA:2005 01201880

2 of 3

05 1201880 **3**

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the office of the Recorder of said County. All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on May 23, 2005 at the place named in the Notice of Sale, in the County of Los Angeles California, in which the property is situated. Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefore to said Trustee the amount being $58,133.66 in lawful money of the United States, or by satisfaction, pro tanto, of the obligations then secured by said Deed of Trust.

Date: May 23, 2005

_____
Title Trust Services
By: C. Islas

State of _California_
County of _Los Angeles_

On _May 23, 2005_ before me, _Aron Lawrence, Notary Public_ personally appeared _C. Islas_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature _____ (Seal)

ALAN LAWRENCE
COMM. 1488127
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Exp. May 4, 2008

MAURICE 595-*7819 prop: Lot 6 of - LA:2005 01201880

Exhibit 2

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state …* | FOR COURT USE ONLY |
|---|---|
| Dennis P. Block <br> Dennis P. Block & Associates    Bar No. 70194 <br> 4929 Wilshire Blvd., Suite 300 <br> <br> Los Angeles, CA 90010 | |

TELEPHONE NO.: 323 938-2868    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* PLAINTIFF

[X] ATTORNEY FOR   [X] JUDGMENT CREDITOR   [ . ] ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES

STREET ADDRESS: 415 W. OCEAN BLVD.

MAILING ADDRESS:

CITY AND ZIP CODE: LONG BEACH, CA 90802

BRANCH NAME: LONG BEACH JUDICIAL DISTRICT

PLAINTIFF: CANDICE RASCHE, CO TRUSTEE OF THE EUCALYPTUS TRUST

DEFENDANT: LYONA MCPHERSON DAVIS

| WRIT<br>OF | [ ] EXECUTION (Money Judgment)<br>[X] POSSESSION OF   [ ] Personal Property<br>   [X] Real Property<br>[ ] SALE | CASE NUMBER:<br><br>05U01660 |
|---|---|---|

1. **To the Sheriff or any Marshal or Constable of the County of:** LOS ANGELES

   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):* CANDICE RASCHE, CO TRUSTEE OF THE EUCALYPTUS TRUST

   is the [X] judgment creditor   [ ] assignee of record    whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name and last known address):*

   ┌─────────────────────────────┐
   │ LYONA MCPHERSON DAVIS        │
   │ 2151 EUCALYPTUS AVE.,        │
   │ LONG BEACH, CA 90806         │
   │                              │
   │                              │
   └─────────────────────────────┘

   [ ] additional judgment debtors on next page

5. **Judgment entered on** *(date):* 7-12-05

6. [ ] **Judgment renewed on** *(dates):*  JUL

7. **Notice of sale** under this writ
   a. [X] has not been requested.
   b. [ ] has been requested *(see next page).*

8. [ ] Joint debtor information on next page.

[SEAL]

9. [X] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.
11. Total judgment . . . . . . . . . . . . . . . . . . . $
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . . . . $
13. Subtotal (add 11 and 12) . . . . . . . . . . $
14. Credits . . . . . . . . . . . . . . . . . . . . . . $
15. Subtotal *(subtract 14 from 13)* . . . . . . . $
16. Interest after judgment (per filed affidavit CCP 685.050) . . . . . . . . . . . . . . . . $
17. Fee for issuance of writ . . . . . . . . . . . . $          9.00
18. **Total** *(add 15, 16, and 17)* . . . . . . . . . . $          9.00
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)* of  . . . . . . . . . $
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3; CCP 699.520(i)) . . . . . . . . . . . . . . . . . . . $
20. [ ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

| Issued on *(date):* JUL 21 2005 | JOHN A. CLARKE<br>Clerk, by_____ **D. PIROZZI** , Deputy |
|---|---|

**NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.**

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2003]

**WRIT OF EXECUTION**

Legal
Solutions
⊙ Plus

Code of Civil Procedure, §§ 699.520, 712.010, 715.010

13

JUDGMENT                                                                              05U01660

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
SOUTH DISTRICT, LONG BEACH COURTHOUSE (  19460  )
415 W OCEAN BLVD / MAIL:  PO BOX 2840, LONG BEACH, CA 90802
Telephone: (562) 491-6234

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT JUDGMENT BE ENTERED AS FOLLOWS:

FOR:  RASCHE, CANDICE  CO TRUSTEE OF THE EUCALYPTUS TRUST


AGAINST:  DAVIS, LYONA MCPHERSON


$ 6416.41    Principal,
Costs per filing of memorandum of costs.

RESTITUTION AND POSSESSION OF THE PREMISES LOCATED AT:
2151 EUCALYPTUS AVE,
LONG BEACH, CA 90806

THIS JUDGMENT OF POSSESSION APPLIES TO ANY AND ALL UNNAMED OCCUPANTS OF THE PREMISES
PURSUANT TO C.C.P. 415.46.



This judgment conforms to the order of the court.

DATED: 08/18/2005                          ROY L. PAUL
                                           JUDGE, SUPERIOR COURT



==================================================================================================
FILED AND ENTERED ON: 08/18/2005                    JOHN A. CLARKE
BY K. GAINES                                        Executive Officer/Clerk
   DEPUTY CLERK

CIV 4                              JUDGMENT

14

Exhibit 3

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT SOUTH S                         HON. ROY L. PAUL, JUDGE

CANDICE RASCHE,                          )
                                         )
                    PLAINTIFF.           )
                                         )
          VS.                            )          05U01660
                                         )
LYONA MCPHERSON DAVIS,                   )
                                         )
                    DEFENDANT.           )
                                         )
_____   )


REPORTER'S TRANSCRIPT OF PROCEEDINGS

THURSDAY, AUGUST 18, 2005


APPEARANCES:

FOR THE PLAINTIFF:          KATZ AND BLOCK
                            BY:  JOHN H. GREENWOOD, ESQ.
                            4929 WILSHIRE BOULEVARD, SUITE 300
                            LOS ANGELES, CALIFORNIA 90010

FOR THE DEFENDANT:          MENKE LAW FIRM
                            BY:  BRUCE MENKE, ESQ.
                            5000 EAST SPRING STREET, SUITE 405
                            LONG BEACH, CALIFORNIA 90815




                            HELEN J. BAUGH, CSR #2142

                            OFFICIAL REPORTER



1              LONG BEACH, CALIFORNIA, THURSDAY, AUGUST 18, 2005

2                              A.M. SESSION

3    DEPARTMENT SOUTH S                      HON. ROY L. PAUL, JUDGE

4                    (APPEARANCES AS NOTED ON TITLE PAGE.)

5                                -o0o-

6         THE COURT:  No. 9, Rasche versus Davis.

7                    (Proceedings not reported.)

8         THE COURT:  The record can reflect that I called

9    the case of Candice Rasche versus Lyona McPherson Davis --

10        MR. GREENWOOD:  Here she comes.

11        THE COURT:  We can go off the record.

12                    (Discussion off the record.)

13             If you'll come back to the witness stand and

14   we'll proceed.

15                    (Proceedings not reported.)

16             (At 11:50 p.m., the following proceedings

17                  were held.)

18        THE COURT:  The record can reflect a request for

19   Statement of Decision was made, though it wasn't made at the

20   time it was deemed submitted, and the court will still accept

21   that, and Mr. Greenwood, I'm going to ask that you might

22   in fact prepare this.

23             On the conclusion the court will note that I can

24   make an oral one, an oral Statement of Decision on the record,

25   and this case lasted for -- we started about 10:15 and it's

26   about 10 minutes to 12:00 so it's an hour and 45 minutes

27   possibly, so the court will note the following.

28             First of all, the court will find that the

                                   1

1  credibility of Ms. Davis, the court will find that there

2  was -- in fact I believe based upon her testimony that

3  she willfully falsely stated that she failed to sign

4  the Deed of Trust.

5        The court notes that that is of such

6  significance, since all the facts arise from the Deed of

7  Trust, Ms. Davis said that it was forged, this court does not

8  find that credible.  Her testimony indicated she received

9  the sums of money pursuant to the Deed of Trust, but that in

10  looking at her signature the day before it was not the same

11  signature, and she believed it was forged.

12        I find that her willful false statement was

13  so material that I in fact find that the remainder of her

14  testimony is distrustful.

15        The court notes that the first issues before me,

16  and we will deal, first of all, with the Deeds of Trust,

17  et cetera, the court finds that the plaintiffs in this case,

18  the plaintiff is a bona fide BFP, a bona fide purchaser

19  who purchased for value in good faith and without actual

20  constructive notice of other's rights, and let's spend a

21  moment and deal with that.

22        The defense argues that she wasn't because

23  she had some dealings with Westar, and the court has admitted

24  defendant's A and B, it's clearly insufficient evidence

25  to conclude that she's not a BFP, but let's take it a step

26  further.

27        Let's take it to the second step which is

28  what would she have knowledge of that's of issue in this case,

2

1    the issue presented by the defense is the defect in the

2    substitution of attorney.

3         She has no notice --

4    MR. MENKE: For the record, substitution of --

5    THE COURT: Excuse me, substitution of Trustee, and

6    the court will correct that, substitution of Trustee, she had

7    no notice of any defect in the substitution of the Trustee.

8         The court notes by looking at the Civil Code,

9    dealing with Civil Code Section 1214 which might be prior

10   recordings of subsequent conveyances, or mortgages, or

11   judgments, and I derive that section by reading the section

12   under Witkins under BFP and noting that she had no

13   constructive or actual notice of any defect that would

14   actually affect the property, and this case, clearly there is

15   no evidence she clearly had any notice of any defect in the

16   substitution of the Trustee which took place prior to her

17   purchase.

18        The court finds that she is a BFP and entitled

19   to those statutory rights under BFP status, and the court

20   notes also in looking at the trustee's deed that it clearly

21   reflects that she purchased it for value, and I want to point

22   out that she is not a creditor, she is a bona fide purchaser,

23   and the inference that Mr. Menke would have the court draw is

24   because plaintiff had dealings with Westar and gave

25   inconsistent testimony, and the court noted she clearly didn't

26   know what those were and there was some inconsistency, but it

27   did not rise to the level of negating BFP status.

28        Assuming she had some contact with Westar in some

3

1    form or fashion, does that preclude her from being a bona fide

2    purchaser in good faith, and the court doesn't find there is

3    any evidence to reflect actual or constructive notice of

4    defects.

5         The court notes that, dealing with the next issue

6    which is the substitution of the Trustee, and I've done

7    extensive research in this and I particularly note some of the

8    following cases.

9         The case of Knap versus Doherty, 123 Cal.App.4th

10   76, the court was able to garner that in this particular case

11   as claimed by Mr. Menke that we have a wild card deed or a

12   deed that can break a title because the substitution of

13   Trustee was in fact recorded after the notice of default,

14   and what I garnered from this case that --

15        MR. MENKE:  So I'm clear, my argument is not

16   recordation.

17        THE COURT:  No, it's not recordation.

18        MR. MENKE:  It's execution.

19        THE COURT:  The court will reflect it's execution.

20        The court notes the basic statement Mr. Menke

21   appears to be claiming that it's an improper procedure.

22        One of the facts the court garnered out of

23   this case is there needs to be some form of prejudice stemming

24   from an irregularity, and the court doesn't find any

25   prejudice, because the operative documents, the primary

26   document which is the deed of sale, the trustee's deed and the

27   sale occurred after the substitution of attorney, and I'm

28   going to go through that further because I read a number of

4

19

1    cases --

2        MR. GREENWOOD:  Substitution of Trustee.

3        THE COURT:  Substitution of Trustee, I keep saying

4    attorney.

5        MR. MENKE:  We assume if you say "attorney," in the

6    future, you mean Trustee.

7        THE COURT:  The court will correct the record,

8    because I want it to be reflected as substitution of trustee,

9    there is no resulting prejudice, and the court notes that is

10   what the court garnered out of this case.

11            A nonjudicial foreclosure sale is presumed to

12   have been conducted regularly and fairly, one attacking the

13   sale must overcome this common law presumption by pleading and

14   proving an improper procedure and the resulting prejudice.

15            If a trustee's deed contains a recital

16   that all default and sale notices have been given,

17   the notice requirements are statutorily presumed to have been

18   satisfied, which presumption is conclusive as to the bona fide

19   purchaser at the foreclosure sale.

20            Now going to Civil Code Section 2924.

21            The court looks at 2924 and notes that some

22   operative language here, which was argued by the plaintiff

23   particularly, and I'm going to start in the middle of the

24   code section, and I'm going to abbreviate and leave some of it

25   out.

26            Where, by a mortgage of any estate in real

27   property, a power of sale is conferred upon the mortgagee,

28   trustee, or any other person, and the court adds emphasis

1   to any other person, to be exercised after a breach of the

2   obligation for which that mortgage or transfer is a security,

3   the power shall not be exercised except where, and I'll skip a

4   portion.

5           In subsection (a), until the trustee, mortgagee,

6   or beneficiary, or any of their authorized agents shall first

7   file for record, in the office of the recorder, a notice of

8   default.

9           It doesn't say anywhere that it must be the

10  trustee, it says authorized agent.

11          The court has examined the cases also in

12  Moeller versus Lien, 25 Cal.App.4th 822.

13          This case holds that the presumption is

14  conclusive as to a bona fide purchaser with all the statutory

15  recitations of the trustee's deed, a recitation that all the

16  statutory notices and procedures required by law for the

17  conduct of the foreclosure sale have been satisfied, a

18  rebuttable presumption arises if the sale has been conducted

19  regularly and properly.

20          The court notes in this case what is interesting

21  is it says there is some required procedure which deprives the

22  trustor of his right of reinstatement or redemption, again,

23  as the court notes in looking at the issue of prejudice.

24          The court has read Homestead Savings

25  versus Darmiento, 230 Cal.App.3d 424, again dealing

26  with the rights of a BFP and a conclusive presumption of

27  compliance.

28          The court has read the case of Jones versus First

21

1    <u>American Title Insurance Company</u>, 107 Cal.App.4th 381,

2    again this case goes to the issue that -- in the <u>Jones</u> case

3    the trial court entered a judgment that a real estate

4    foreclosure sale was void because the sale was mistakenly

5    conducted by a former trustee after a new trustee had been

6    substituted and his substitution was not properly recorded

7    as required under 2934(a).

8            The court of appeal reversed and under the

9    circumstances indicated reformation was necessary to carry out

10   the manifest intent of the parties because one of the

11   documents necessary was deficient.  This was raised two years

12   after the foreclosure.

13           The court further notes that the note was

14   admitted into evidence via the trustee's deed, the Deed

15   of Trust was in fact admitted into evidence, if I'm missing an

16   exhibit --

17          MR. GREENWOOD:  Exhibit 1.

18          THE COURT:  That's Exhibit 1.

19           Exhibit 2 was the Amendment to the Note and

20   Deed of Trust signed by the defendant.

21           Exhibit 3, the Notice of Default, and the court

22   does note the date that it was executed, January 4, 2005;

23           Exhibit 4, the Substitution of Trustee executed

24   March 28, 2005;

25           Exhibit 5, Trustee's Deed upon sale indicating

26   the value, and particularly the court notes the grantee was

27   not the foreclosing beneficiary;

28           Exhibit 6, and I'll deal with the three-day

7

1    notice to quit;

2        Exhibit 7, the Proof of Service.

3        The court does find that the three-day notice

4    and the Proof of Service pursuant to the testimony of the

5    registered process server are in fact valid, were in fact

6    properly served.

7        The court notes that there was no evidence

8    presented by way of the defense as to any payments made

9    or any prejudice suffered, payments made on the Deed of Trust

10    or any prejudice suffered from the substitution of trustee.

11        The court will note that the case law indicates

12    that the defendant has no right to object to a substitution of

13    trustee.

14        The court has read the case before it,

15    U.S. Hertz versus Niobrara Farms cited at 41 Cal.App.3d 68,

16    though it analogizes, of course in this case is that the

17    defect was, as claimed, a break in title because it was

18    recorded just a few moments before.

19        The court then notes in reading all these cases

20    that there is no prejudice that's been shown to the defendant

21    as a result of the substitution of trustees execution date.

22        The sale that was conducted, and that's the

23    very operative portion of this case, the sale was conducted

24    with all the documents at the time of sale properly and

25    procedurally correct.

26        The court notes that the power of sale was

27    conducted by a party who had the right to conduct the sale.

28        Based upon -- the court has further reviewed

8

1    three other cases, <u>Dimock versus Emerald Properties</u>,

2    81 Cal.App.4th 868, <u>Kessler versus Bridge</u>, 161 Cal.App.2d 837,

3    in this case the plaintiff must prove affirmatively the

4    property was duly sold and that the title under the sale

5    was perfected, the court will make these findings, this

6    dealing with the landlord-tenant and unlawful detainer.

7         The court wants to make it very clear I make

8    a finding that the property was duly sold with the rights of

9    power by the trustee at the time and that the title under

10   the sale had been duly perfected.

11        Lastly, before I make the final ruling I just

12   want to put this on the record so it's very clear.

13        On August 15th, defendant Lyona Davis' motion

14   for, No. 1, a new trial under CCP 657, and, No. 2, a motion

15   for a new and different judgment under CCP 663 were heard.

16   As reflected in the court's minutes, the motion for a new

17   trial was granted on the grounds that the court had committed

18   legal error by precluding defendant's attack on the validity

19   of a trustee's sale in the unlawful detainer action.

20        The court denied the companion CCP 663 motion,

21   rejecting defendant's contention that plaintiffs had failed

22   to make out a prima facie case of her right to possession on

23   the subject premises.

24        The court reasoned that although it had

25   committed error by precluding defendant's issue of title,

26   it could make no assumption the defendant would ultimately

27   prevail, and the court trial for unlawful detainer was set

28   for August 18 at 8:30.

1            Prior to the commencement of the new trial,

2  defendant filed a notice purporting to appeal from this

3  court's denial of the 663 motion.

4            On the day of the trial, defendant contested

5  the court's jurisdiction to proceed based on her perfection

6  of an appeal, and purported to, quote, "specially appear,"

7  end of quote.

8            The court rules that it has jurisdiction to

9  proceed with this trial on this date;

10           No. 1, the order denying the CCP 663 motion

11  is not appealable under CCP 904.2. An improper appeal does

12  not divest the trial court of jurisdiction.

13           No. 2, defendant, having requested a new

14  trial was estopped from challenging the propriety of a

15  new trial once relief is granted.

16           No. 3, although defendant presented some

17  authority, <u>Socol versus King</u> 2004, 34 Cal.App 2d 292,

18  stating denial of the 663 motion is appealable, that case

19  held that such an order was appealable after a final

20  judgment. There was no final judgment in this case at the

21  time the appeal was noticed.

22           Consequently, the court orders that the trial

23  is to proceed and defendant's objection to jurisdiction is

24  overruled.

25           The court will make the following final ruling:

26  Judgment will be entered as follows:

27           For Candice Rasche, co-trustee of the

28  Eucalyptus Trust, against Lyona Davis McPherson for rent and

1    damages, and I'm not sure what --

2        MR. GREENWOOD:  Excuse me, Your Honor, since there

3    really isn't a landlord-tenant relationship you can't call it

4    rent.

5        THE COURT:  I will correct that, because I did note

6    that it is only damages, it's not rent, and the damages

7    through today, have you computed those?

8        MR. GREENWOOD:  No, I have not.

9        THE COURT:  Let's do that right now.

10       LYONA DAVIS:  I was not served.  This is not fair to

11   take -- my house is over a million dollars, it's not fair,

12   this is not justice, this is not fair.

13       MR. GREENWOOD:  It's 77 times 83.33.

14       THE COURT:  77 days for 83.33 a day, comes to

15   6,416.41.

16       MR. GREENWOOD:  I'm showing we get the same thing.

17       THE COURT:  I did it twice.  I get 6,416.41, and for

18   costs previously ordered of $222.30.

19       MR. GREENWOOD:  I would be happy to file a cost bill,

20   Your Honor.

21       THE COURT:  You're ordered to do so.

22           Restitution and possession of the premises

23   located at 2151 Eucalyptus Avenue, Long Beach, 90806.

24           This judgment of possession applies to any and

25   all unnamed occupants of the premises pursuant to CCP 415.46,

26   and there is no requirement at this time to have any

27   forfeitures because there is no lease.

28       MR. MENKE:  Agreed, Your Honor.

1          THE COURT:  So I think that concludes all the issues

2     before the court today.

3          MR. GREENWOOD:  Thank you for your tremendous effort

4     you put into this matter, Your Honor.

5          THE COURT:  The record can reflect the Statement of

6     Decision is deemed to be my oral statement on the record,

7     I don't need -- Mr. Greenwood, for you, since I'm permitted

8     to do it on the record --

9          MR. GREENWOOD:  Of course, thanks.

10         THE COURT:  I put that on the record so that Mr. Menke

11    will have specifically the grounds.

12            Let me just take one last second to make sure

13    I covered all the notes that I have.

14         MR. GREENWOOD:  Might your record also reflect our

15    thanks for the tremendous effort that your attorney

16    assistant -- I forgot his actual title, gave -- the research

17    attorney gave in assisting the court in being able to analyze

18    these facts.

19         MR. MENKE:  I certainly want to thank also

20    Mr. Freedman, we certainly appreciate the court as well.

21                  (Proceedings concluded.)

22

23

24

25

26

27

28

27

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT SOUTH S                          HON. ROY L. PAUL, JUDGE

CANDICE RASCHE,

               PLAINTIFF.

        VS.                    05U01660

LYONA MCPHERSON DAVIS,

                          REPORTER'S
              DEFENDANT.    CERTIFICATE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I, HELEN J. BAUGH, OFFICIAL REPORTER OF THE

SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING

PAGES, 1 TO 12, INCLUSIVE, COMPRISE A FULL, TRUE, AND

CORRECT TRANSCRIPT OF THE PROCEEDINGS HELD IN THE

ABOVE-ENTITLED MATTER ON THURSDAY, AUGUST 18, 2005.

              DATED THIS 22ND DAY OF AUGUST, 2005

                                 CSR #2142

          OFFICIAL REPORTER

Motion for Relief from Stay (Unlawful Detainer) - *Page 19 of 21*   **F 4001-1M.UD**

| In re LYONA DAVIS | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: LA 05-31776-ER |

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

1.   I am over the age of 18 and not a party to the within action.  My business address is as follows:

16830 Ventura Blvd., Suite 500, Encino, CA 91436

2.   **Regular Mail Service:** On  11/10/05  , pursuant to Local Bankruptcy Rule 9013-1, I served the documents described as: NOTICE OF MOTION and MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at  Encino  , California, addressed as set forth on the attached list.

> **_NOTE:_** *If the Notice and Motion have been served pursuant to an Order Shortening Time ("Order"), you must file a Proof of Service that indicates that the notice and service requirements contained in the Order have been met.*

3.   **See attached list for names and addresses of all parties and counsel that have been served.**  *(In the manner set forth in Local Bankruptcy Rule 7004-1(b), specify capacity in which service is made; e.g., Debtors, Debtor's(s') Attorney, Trustee, Trustee's Attorney, Creditors Committee, or 20 largest unsecured creditors, etc.)*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 11/10/05

DAVID S. HAGEN
*Typed Name*

*Signature*

*Revised October 2005*                                                                                 **F 4001-1M.UD**

## SERVICE LIST

Debtor:
Lyona M. Davis
2151 Eucalyptus Ave.
Long Beach, CA 90806

Debtor's Counsel:
Julie R. Gaviria
806 E. Broadway Ave.
San Gabriel, CA 91776-1927

Trustee:
David A. Gill
Danning, Gill, Diamond & Kollitz
2029 Century Park East, 3rd Floor
Los Angeles, CA 90067

U.S. Trustee
Office of U.S. Trustee
725 S. Figueroa St., 26th Floor
Los Angeles, CA 90017